UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| BERNARDO MENDIA, | No. C 10-3910 MEJ |
| Plaintiff, | **ORDER RE PLAINTIFF'S IN FORMA PAUPERIS STATUS ON APPEAL** |
| v. | |
| JOHN M. GARCIA, et al., | |
| Defendants. | |

# INTRODUCTION

On May 18, 2012, Plaintiff Bernardo Mendia filed a Notice of Appeal with the Ninth Circuit, challenging this Court's March 20, 2012 Order granting Defendants John Garcia and Ching Chang's Motion to Dismiss. Dkt. No. 52. The Ninth Circuit has referred the matter to this Court for the limited purpose of determining whether Plaintiff's in forma pauperis status should be denied for his appeal because it is frivolous. For the reasons explained below, the Court finds that his appeal is frivolous and in forma pauperis status should no longer apply.

# BACKGROUND

The following background is taken from Plaintiff's First Amended Complaint ("FAC"), filed on August 11, 2011. Dkt. No. 28. On May 9, 2007, Plaintiff was detained in the West County Detention Facility ("WCDF") in Contra Costa County, California. *Id.* ¶ 18. According to Plaintiff, he was subsequently questioned by Defendants John Garcia and Ching Chang, who are Immigration and Customs Enforcement ("ICE") officers, on June 15, 2007. *Id.* ¶ 25. During the conversation, Plaintiff claims he provided Defendants with the following facts: he is a United States citizen, has a valid social security number, has a United States passport issued in 1997, and that his mother is a

United States citizen. *Id.* ¶ 27. ICE subsequently issued a detainer hold for Plaintiff on June 16, 2007. *Id.*, Ex. 1. ICE sent an I-247[1] Immigration Detainer form to WCDF, putting the facility on notice that ICE was initiating an investigation to determine if Plaintiff was subject to removal proceedings. *Id.*

Six months after Defendants interviewed Plaintiff, ICE dropped the detainer, on January 28, 2008. *Id.*, Ex. 2. During the six-month period the detainer was active, ICE did not commence removal proceedings and there is no record of ICE having contact with Plaintiff. Plaintiff remained in detention on state charges at WCDF for another eighteen months after ICE dropped the detainer, until the Alameda County Court released Plaintiff on July 31, 2009. *Id.* ¶¶ 18, 53, 59.

Plaintiff filed his initial Complaint in this matter on August 31, 2010, claiming that his constitutional rights were violated as a result of the immigration detainer. Dkt. No. 1. On August 15, 2011, Plaintiff filed his FAC, in which he pled eight causes of action, all of which were predicated upon Plaintiff's theory that he was "constructively detained" at WCDF because of the immigration detainer. Dkt. No. 28. Plaintiff claimed the ICE detainer caused him an injury because it prohibited him from being released on his own recognizance and posting bail through a bail bondsman. *Id.*

On November 3, 2011, Defendants filed a Motion to Dismiss, arguing that this Court should dismiss Plaintiff's case pursuant to Federal Rule of Civil Procedure 12(b)(1) because it lacked subject matter jurisdiction over his claims. Dkt. No. 34. On March 20, 2012, the Court granted Defendants' motion, finding that Plaintiff had not shown an injury that was sufficient to meet the standing requirements of Article III of the United States Constitution. Dkt. No. 34 at 5-8. Specifically, the Court found that the lodgement of the detainer by Defendants, without something

---

[1] A Form I–247 is an Immigration Detainer, or a Notice of Action. A detainer serves to advise another law enforcement agency that the Department of Homeland Security ("DHS") seeks custody of an alien presently in the custody of that agency, for the purpose of arresting and removing the alien. The detainer is a request that such agency advise the DHS, prior to release of the alien, in order for the DHS to arrange to assume custody, in situations when gaining immediate physical custody is either impracticable or impossible. *See* 8 C.F.R. § 287.7.

1 more, did not constitute ICE custody; therefore, because Plaintiff was never in the actual custody of
2 ICE, the immigration detainer did not cause him to be "constructively detained." *Id.* at 8. Thus,
3 because Plaintiff was in custody of the state throughout his pre-trial detention, he could not establish
4 that Defendants' actions caused his injury. *Id.* Plaintiff then filed his Notice of Appeal challenging
5 this Court's Order dismissing the case. Dkt. No. 52.

## LEGAL STANDARD

Under 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." The good faith requirement is satisfied if the petitioner seeks review of any issue that is "not frivolous." *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977). For purposes of Section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1225 (9th Cir. 1984).

## DISCUSSION

Here, because Plaintiff lacks standing to bring his claims against the named Defendants, the Court finds that Plaintiff's appeal is frivolous. As the Court discussed in its previous order, the core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, (1992). In order to establish standing, Plaintiff must show: "(1) an 'injury in fact,' such as an invasion of a legally protected interest; (2) 'a causal connection between the injury and the conduct complained of;' and (3) that it is 'likely' that a favorable decision will redress the injury." *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010) (quoting *Lujan*, 504 U.S. at 560).

To satisfy the elements of Article III standing, Plaintiff must have suffered an "injury in fact," which is "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not 'conjectural' or 'hypothetical.'" *Lujan*, 504 U.S. at 560. Furthermore, the injury must be "fairly traceable to the challenged action . . . and not the result of the independent action of some third party not before the court." *Bennett v. Spear*, 520 U.S. 154, 167 (1997).

Thus, to establish Article III standing, Plaintiff must have shown that the immigration detainer issued by Defendants caused him an injury of "constructive detention." However, the Ninth Circuit has held that a "bare detainer letter alone does not sufficiently place an alien in . . . custody to make habeas corpus available." *Garcia v. Taylor*, 40 F.3d 299, 303 (9th Cir. 1994). Moreover, almost all of the circuit courts considering the issue have determined that the lodging of an immigration detainer, without more, is insufficient to render someone in custody.[2] Other judges in this district have made the same determination.[3] Further, although the plaintiffs in these cases were seeking habeas from the court, this custody analysis has been applied to *Bivens* actions outside the habeas context. *See Nasious v. Two Unknown B.I.C.E. Agents at Arapahoe Cnty. Justice Ctr.*, 657 F. Supp. 2d 1218, 1221 (D. Colo. 2009).

In Plaintiff's case, the detainer lodged against him served only as notice to WCDF that Defendants commenced an investigation to determine if Plaintiff was subject to removal proceedings. FAC, Ex. 1. For the six months the detainer was active, ICE did not formally commence deportation proceedings or issue a deportation order against Plaintiff. Plaintiff remained in state custody while the detainer was active and, although Defendants removed the detainer on January 28, 2008, Plaintiff remained in state custody at WCDF for another eighteen months. FAC ¶¶ 42, 53. Thus, based on the evidence before it, the Court concluded that the lodgement of the detainer by Defendants, without something more, did not constitute ICE custody. Dkt. No. 51 at 8. Because Plaintiff was never in the actual custody of ICE, the immigration detainer did not cause him to be "constructively detained." Instead, Plaintiff was in custody of the state throughout his pre-trial

---

[2] *See Zolicoffer v. U.S. Dep't of Justice*, 315 F.3d 538, 541 (5th Cir. 2003); *Galaviz-Medina v. Wooten*, 27 F.3d 487, 493 (10th Cir. 1994); *Prieto v. Gluch*, 913 F.2d 1159, 1162-64 (6th Cir. 1990); *Orozco v. INS*, 911 F.2d 539, 541 (11th Cir. 1990); *Campillo v. Sullivan*, 853 F.2d 593, 595 (8th Cir. 1988); *but see Vargas v. Swan*, 854 F.2d 1028, 1032-33 (7th Cir. 1988) (holding that a detainer could, in particular circumstances, be sufficient to satisfy the custody requirement).

[3] *See Hung Vi v. Alcantar*, 2008 WL 928340 (N.D. Cal. Apr. 4, 2008); *Mitchell v. Gonzales*, 2007 WL 2688693 (N.D. Cal. Sept. 12, 2007) *aff'd sub nom. Mitchell v. Mukasey*, 278 F. App'x 714 (9th Cir. 2008); *Nguyen v. United States*, 2003 WL 1343000 (N.D. Cal. Mar. 13, 2003); *Ishmat v. I.N.S.*, 2001 WL 725362 (N.D. Cal. June 14, 2001).

detention at WCDF.

Without showing that Defendants' actions caused his injury, Plaintiff cannot establish the Article III standing necessary for this Court to hear his claims. And, given that Plaintiff failed to establish standing after a full and fair opportunity to do so, the Court also finds that any appeal is frivolous.

## CONCLUSION

For the foregoing reasons, this Order certifies that Plaintiff's appeal is frivolous pursuant to 28 U.S.C. § 1915(a)(3).

**IT IS SO ORDERED.**

Dated: June 7, 2012

_____
Maria-Elena James
Chief United States Magistrate Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

BERNARDO MENDIA,

        Plaintiff,

v.

JOHN M. GARCIA et al,

        Defendant.

Case Number: CV10-03910 MEJ

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 7, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Bernardo Mendia
P.O. Box 28032
Oakland, CA 94604

Dated: June 7, 2012

Richard W. Wieking, Clerk
By: Rose Maher, Deputy Clerk