UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BERNARDO MENDIA,

Plaintiff,

v.

JOHN M. GARCIA, et al.,

Defendants.

Case No. 10-cv-03910-MEJ

**DISCOVERY ORDER**

Re: Dkt. Nos. 129, 142

## INTRODUCTION

Pending before the Court is the parties' joint letter brief about whether Plaintiff Bernardo Mendia ("Plaintiff") may obtain discovery from individual-capacity Defendants John M. Garcia and Ching Chang (collectively, "Defendants"). Jt. Ltr., Dkt. No. 129; Suppl. Jt. Ltr., Dkt. No. 142. Defendants assert they are entitled to qualified immunity and have appealed a recent Order denying them such immunity. *See* Dkt. No. 134; Suppl. Jt. Ltr. at 1. Defendants now ask the Court to stay discovery directed to them until the Court of Appeals resolves whether they are entitled to qualified immunity. Having considered the parties' positions, relevant legal authority, and the record in this case, the Court issues the following order.

## BACKGROUND

Plaintiff brings this action against the individual capacity Defendants under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) and against the United States under the Federal Tort Claims Act ("FTCA") related to the investigation and detainers placed on Plaintiff by Defendants as agents for Immigration and Customs Enforcement. Recently, the Court granted Plaintiff leave to file his Third Amended Complaint ("TAC"), in which Plaintiff asserts *Bivens* claims against Chang and Garcia in their individual capacities for

1  violations of his First, Fourth, and his Fifth Amendment rights, and FTCA claims against the
2  United States. Mot. to Amend Order ("MTA Order"), Dkt. No. 107; TAC, Dkt. No. 110. The
3  Court held Plaintiff's *Bivens* claims against Defendants would not be futile as, among other things,
4  they were not entitled to qualified immunity at this point. MTA Order at 24-36. The Court also
5  denied Defendants' pending Motions to Dismiss Plaintiff's Second Amended Complaint on the
6  same grounds. *Id.*

7  Defendants moved to dismiss the TAC on March 21, 2016, again asserting entitlement to
8  qualified immunity, Dkt. No. 119, which the Court denied. Mot. to Dismiss Order ("MTD
9  Order"), Dkt. No. 138. On April 22, 2016, Defendants appealed the MTA Order on qualified
10 immunity and related grounds. Notice of Appeal, Dkt. No. 134 ("[T]he Individual Federal
11 Defendants, Ching Chang and John M. Garcia, hereby appeal to the United States Court of
12 Appeals for the Ninth Circuit from the Court's Order of February 26, 2016, denying their motions
13 to dismiss on qualified immunity and related grounds."). In the meantime, the United States filed
14 an Answer to the TAC on March 28, 2016. Dkt. No. 123.

15 The parties' present dispute involves Defendants' request to stay discovery against them
16 based on qualified immunity, while Plaintiff asks the Court to allow discovery to proceed. *See*
17 *generally* Jt. Ltr. & Suppl. Jt. Ltr. The Court gave the parties an opportunity to brief how
18 Defendants' appeal and the Court's latest Order on Defendants' Motion to Dismiss impacts this
19 dispute, if at all. Dkt. No. 139. The parties, after requesting an extension, filed their supplemental
20 letter on May 25, 2016. *See* Suppl. Jt. Ltr.

21 Defendants argue that "the protection of qualified immunity encompasses protection from
22 all discovery that could potentially impact the individual defendants, not just discovery directed at
23 the particular *Bivens* defendant invoking its protection." *Id.* at 2. They contend the Supreme
24 Court mandated "a stay of all discovery pending appeal of qualified immunity" in *Ashcroft v.*
25 *Iqbal*, 556 U.S. 662 (2009), and the "clear holding of multiple Supreme Court cases [is] that
26 qualified immunity is immunity from suit, including the burdens of discovery." Suppl. Jt. Ltr. at
27 2, 4. They conclude that "[d]espite the Supreme Court's mandate . . . [they] are only asking for a
28 partial stay of discovery as to them and any to the United States that requires their direct and

1   substantial participation." *Id.* at 4.

2   Plaintiff argues Defendants overstate the dicta in *Iqbal*. *Id.* at 3. He argues it is inevitable
3   that Defendants Chang and Garcia will be subject to discovery in this case because "[d]iscovery as
4   to the Agents will ultimately proceed under Plaintiff's FTCA claims, as they are the key fact
5   witnesses." *Id.* at 3-4. As such, he contends it is entirely proper to take discovery from
6   Defendants, even if they are appealing the Court's qualified immunity findings. *Id.* ("[R]egardless
7   of the outcome of the Agents' appeal, the FTCA claims will proceed." (emphasis omitted)).
8   Furthermore, Plaintiff points out that the discovery received from the United States thus far "only
9   confirm[s] the centrality of the Agents' involvement in the facts of this case" and the importance
10  of their discovery as witnesses. *Id.* at 3. Finally, Plaintiff notes the deadline to seek leave from
11  the Court to name potential DOE defendants is imminent (July 1, 2016), and Plaintiff needs this
12  discovery immediately. *Id.* at 4.

## LEGAL STANDARD

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings.
However, Rule 26 provides that

> [a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . .

Fed. R. Civ. P. 26(c). Moreover, "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) (citing *Kansas City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)). An order staying discovery is thus an appropriate exercise of a court's discretion. *Id.*

## DISCUSSION

As an initial matter, the Court will adjust the deadlines in this case to give the parties time to prepare in light of this Order. An amended case management Order is forthcoming. The Court

3

now turns to the issues at hand: whether Defendants are subject to a partial stay of discovery pending the resolution of their qualified immunity assertions, and what form that stay should take.

The Supreme Court has held that "[t]he basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including 'avoidance of disruptive discovery.'" *Iqbal*, 556 U.S. at 685 (quotation omitted); *see also Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) ("Until this threshold immunity question is resolved, discovery should not be allowed"). It has explained:

> There are serious and legitimate reasons for this [exemption from litigation]. If a Government official is to devote time to his or her duties, and to the formulation of sound and responsible policies, it is counterproductive to require the substantial diversion that is attendant to participating in litigation and making informed decisions as to how it should proceed. Litigation, though necessary to ensure that officials comply with the law, exacts heavy costs in terms of efficiency and expenditure of valuable time and resources that might otherwise be directed to the proper execution of the work of the Government.

*Iqbal*, 556 U.S. at 685; *see also Harlow*, 457 U.S. at 816-17 (noting "the general costs of subjecting officials to the risks of trial—distraction of officials from their governmental duties, inhibition of discretionary action, and deterrence of able people from public service," and "special costs of subjective inquiries" including "the deposing of numerous persons, including an official's professional colleagues," which "can be peculiarly disruptive of effective government").

Nonetheless, courts have held that discovery "may at times be taken before qualified immunity issues can be resolved." *Martin v. Naval Criminal Investigative Serv.*, 2013 WL 2896879, at *11 (S.D. Cal. June 11, 2013) (quoting *Crawford-El v. Britton*, 523 U.S. 574, 593 n.14 (1998) ("Discovery involving public officials is indeed one of the evils that *Harlow* aimed to address, but neither that opinion nor subsequent decisions create an immunity from all discovery. *Harlow* sought to protect officials from the costs of broad-reaching discovery, and we have since recognized that limited discovery may sometimes be necessary before the district court can resolve a motion for summary judgment based on qualified immunity."))[1]; *see also Behrens v. Pelletier*,

---

[1] *Harlow* held that absolute immunity applied to legislators, judges, and certain officials of the executive branch, but that qualified immunity applied to executive government officials generally.

4

516 U.S. 299, 312 (1996) (although specifically focusing on whether the defendant had a right to a second interlocutory appeal on qualified immunity grounds even where other claims continued, nonetheless acknowledging that the "right to [qualified] immunity is a right to immunity *from certain claims*, not from litigation in general" (emphasis in original)); *Anderson v. Creighton*, 483 U.S. 635, 646 n.6 (1987) (noting that "if the actions [defendant] claims he took are different from those the [plaintiffs] allege (and are actions that a reasonable officer could have believed lawful), then discovery may be necessary before [defendant's] motion for summary judgment on qualified immunity grounds can be resolved"). However, neither the Supreme Court nor the Ninth Circuit has specifically discussed whether discovery may be directed to a witness who is a co-defendant on another claim and who may also be entitled to qualified immunity.

Under similar circumstances, some trial courts have allowed limited discovery. *See, e.g.*, *Martin*, 2013 WL 2896879, at *11 (finding that individual defendants were still subject to deposition as witnesses on the FTCA claims even if they were found to have qualified immunity); *Galarza v. Szalczyk*, 2012 WL 627917, at *3 (E.D. Pa. Feb. 28, 2012) (allowing discovery to proceed pending defendants' motion to dismiss based on qualified immunity because the defendants would still need participate in discovery related to the FTCA claims). Like *Martin* and *Galarza*, of key importance to this case is that even if the Ninth Circuit finds Defendants are entitled to qualified immunity, they are still "subject to deposition as non-parties on claims arising from the same set of factual allegations underlying the *Bivens*' claims against them"—namely Plaintiff's FTCA claims against the United States. *Martin*, 2013 WL 2896879, at *11; *see also Seeds of Peace Collective v. City of Pittsburgh*, 2010 WL 2990734, at *3 (W.D. Pa. July 28, 2010) (denying motion to stay where one defendant appealing qualified immunity decision would be "required to provide testimony and participate in discovery on the remaining claims" against co-defendants "even if the Court of Appeal for the Third Circuit holds that they are entitled to qualified immunity"). Thus, while the Court agrees that Defendants are subject to a stay of discovery as to the specific claims against them, Defendants are still subject to discovery as

---

457 U.S. at 807.

1 witnesses related to the claims against the United States.

2 However, Defendants argue that *Iqbal* provides for broader protections against discovery.
3 *See* Suppl. Jt. Ltr. at 2 (contending *Iqbal* held that "the protection of qualified immunity
4 encompasses protection from all discovery that could potentially impact the individual defendants,
5 not just discovery directed at the particular *Bivens* defendant invoking its protection."). The
6 passage in *Iqbal* they rely on states:

> It is no answer . . . to say that discovery for petitioners can be deferred while pretrial proceedings continue for other defendants. It is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for petitioners and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position. Even if petitioners are not yet themselves subject to discovery orders, then, they would not be free from the burdens of discovery.

*Iqbal*, 556 U.S. at 685-86. While this passage raises many important concerns, ultimately the Court agrees with Plaintiff that it is non-binding dicta. The Supreme Court's decision was not focused on the issue of discovery but rather plaintiff's request to relax the pleading requirements under Rule 8 because the Second Circuit had instructed the district court to confine discovery to preserve defendants' qualified immunity defense in anticipation of a summary judgment motion. *Id.* at 684-86.

Other courts have likewise concluded that the passage in *Iqbal* above is not binding precedent on discovery matters such as this. *See, e.g.*, *Saenz v. City of El Paso, Tex.*, 2015 WL 4590309, at *2 (W.D. Tex. Jan. 26, 2015) (finding that neither "*Harlow* [nor] *Iqbal* . . . stand for the proposition that *all discovery* as to *all defendants* must be stayed pending a court's resolution of an assertion of qualified immunity" (emphasis in original)); *M.G. v. Metro. Interpreters & Translators, Inc.*, 2013 WL 690833, at *2 (S.D. Cal. Feb. 26, 2013) (noting in response to *Iqbal* that "the Court is not convinced an automatic stay of all discovery is required in every case in which a defendant raises a claim of immunity. Rather, the Court should consider the nature of the case and the extent to which proceeding with discovery as to other parties likely would prejudice the stayed defendants, the impact on other parties and the court"). Ultimately, this Court agrees that "[t]he Supreme Court in *Iqbal* did not hold . . . that [a court] no longer has discretion to

1  determine whether it is proper to stay all discovery" pending resolution of qualified immunity
2  issues. *Seeds of Peace Collective*, 2010 WL 2990734, at *2. Nonetheless, *Iqbal*'s dicta raises
3  potentially significant concerns about the burdens that discovery proceedings can impose on
4  parties asserting qualified immunity, which the Court weighs in its analysis.

5        Aside from *Iqbal*, Defendants cite a bevy of other cases, most of which are not on point.
6  Many of these cases stand for the general and noncontroversial position that courts have discretion
7  in controlling discovery and managing the case before them. *See, e.g.*, *Little v. City of Seattle*, 863
8  F.2d 681, 685 (9th Cir. 1988) (holding generally that the district court did not abuse its discretion
9  in staying discovery pending resolution of immunity claim); *Hinkley v. Vail*, 616 F. App'x 274,
10 275 (9th Cir. 2015) (following summary judgment ruling in favor of defendants on the basis of
11 qualified immunity, holding the district court did not abuse its discretion in staying discovery
12 pending resolution of immunity claim). Other cases involve situations where the court is deciding
13 whether to stay claims after summary judgment (and after discovery already occurred). *See, e.g.*,
14 *Bui v. City & Cty. of S.F.*, 2014 WL 5073729, at *1 (N.D. Cal. Oct. 9, 2014) (following ruling on
15 summary judgment—which included granting summary judgment on plaintiff's *Monell* claim—
16 staying all deadlines in lieu of pending qualified immunity appeal); *Alston v. Read*, 2010 WL
17 1507966, at *8 (D. Haw. Apr. 13, 2010) (following summary judgment ruling, staying case
18 pending outcome of qualified immunity appeal—including claims as to other defendants but doing
19 so in the "interests of judicial economy").

20       Still others deal with temporary stays until the court's ruling on pending motions asserting
21 qualified immunity defenses. *See, e.g.*, *Herrera v. Santa Fe Pub. Sch.*, 2012 WL 6846393, at *7-
22 10 (D.N.M. Dec. 20, 2012) (temporarily staying all discovery pending ruling on defendant's
23 already filed summary judgment motion, which considered whether that defendant—who had
24 already been subject to 18 months of discovery—was entitled to qualified immunity); *Alvarez-
25 Cortez v. Vallaria*, 2012 WL 12863, at *2 (D. Colo. Jan. 4, 2012) (staying all discovery pending
26 defendants' motion to dismiss and noting that "[a]n order staying discovery is thus an appropriate
27 exercise of this court's discretion"); *Eggert ex rel. Eggert v. Chaffee Cty., Colo.*, 2010 WL
28 3359613, at *2 (D. Colo. Aug. 25, 2010) (staying discovery until "a ruling by the District Court on

the Motions to Dismiss filed by Defendants"); *Adkins v. Suba*, 2010 WL 934017, at *1 (D. Guam Mar. 8, 2010) (temporarily staying discovery as to all defendants pending the court's ruling on defendants' motions to dismiss on qualified immunity grounds); *Antelope v. United States*, 2009 WL 1035259, at *2 (D. Colo. Apr. 16, 2009) (same); *Tartaglia v. Carlsen*, 2008 WL 4000407, at *9 (N.D.N.Y. Aug. 22, 2008) (same); *Rank v. Jenkins*, 2005 WL 1009625, at *2 (S.D.W. Va. Apr. 28, 2005) (same); *see also Ransaw v. United States*, 2011 WL 1752160, at *2 (N.D. Ohio May 5, 2011) (staying all discovery "pending the resolution of the qualified immunity question" in related case). But following resolution of those motions, courts have generally allowed discovery to continue. *See, e.g.*, *Morris v. McGrath*, 2008 WL 4858493, at *2 (N.D. Cal. Nov. 10, 2008) (holding that discovery would have been stayed pending defendants' motion to dismiss, but that a stay was no longer necessary because the court had ruled on the motion).

The only case cited by Defendants that comes close to the circumstances here is *M.G. v. Metropolitan Interpreters and Translators, Inc.*, 2013 WL 690833 (S.D. Cal. Feb. 26, 2013). There, the court stayed all discovery where the "Federal defendants" asserted qualified immunity, noting their conduct was "inextricably intertwined with the allegations against the *non-Federal* defendants[,]" who were not asserting qualified immunity. *Id.* at *2 (emphasis added). Unlike in *Martin* and *Galarza*, the interwoven nature of the claims against the defendants who asserted qualified immunity and the defendants who did not assert qualified immunity was a problem because of the burdens on the defendants asserting qualified immunity. The *M.G.* court noted that "[t]o avoid prejudicing their position, the Federal defendants, through counsel, either would have to attend the depositions that may occur or would have to seek leave to re-take depositions in which their interests have not been adequately explored or in which their position has been mischaracterized." *Id.* It rejected both options, noting "[w]ith the first option, the burden of discovery would not [have] been lifted as required by law. With the second option, witnesses and other parties may have to be re-deposed which is inefficient and burdensome." *Id.* Thus, the court stayed all discovery—but again, pending resolution of defendants' motion to dismiss.

None the foregoing cases persuade the Court to stay all discovery against Defendants. While discovery directed to Defendants as to the *Bivens* claims against them is inappropriate given

their pending qualified immunity appeal, as in *Martin*, *Galarza*, and *Seeds of Peace Collective*, limited discovery as to these Defendants is appropriate because regardless of whether they are entitled to qualified immunity, they will still need participate in discovery as percipient witnesses related to the FTCA claims against the United States.  As such, there is no undue burden on Defendants.  *See Galarza*, 2012 WL 627917, at *3 (finding that "[b]ecause the FTCA case against the United States [would] continue regardless of the outcome of [the Defendants'] Motions to Dismiss, there [was] little risk of **undue** burden upon [the Defendants] in allowing discovery to proceed" (emphasis in original)); *cf. Ransaw*, 2011 WL 1752160, at *2 (court was not convinced that allowing depositions of the defendants in the related case would make the discovery process proceed more efficiently as "it [was] not certain that the [] defendants would not be called back for additional depositions, if the qualified immunity question were later resolved against them."). Moreover, it is not in the interests of judicial economy to stay all discovery here because doing so would only prolong the case, given the inevitability of discovery against Defendants.  And finally, since the attorneys representing the United States also represent Defendants in their individual and official capacities, they will be in a position to ensure that the Defendants' individual positions are not prejudiced, and that they are not unduly burdened.  *Cf. M.G.*, 2013 WL 690833 at *1 (involving different attorneys for Federal defendants and non-Federal defendants and recognizing that Federal defendants, through counsel, would have to be actively involved in the litigation to avoid prejudicing themselves in non-Federal defendants' discovery).

      Ultimately, "Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery." *Crawford-El*, 523 U.S. at 598.  As Plaintiff's FTCA claims against the United States will proceed regardless of the Ninth Circuit's decision on Defendants' qualified immunity defenses, and as Defendants are percipient witnesses for those claims whose interests can be adequately protected under the circumstances, the Court finds they are still subject to discovery as percipient witnesses to the FTCA claims, which may require their "direct and substantial participation."  However, given that the claims asserted under the FTCA are somewhat different in nature than the *Bivens* claims against Defendants, the Court finds it appropriate to stay discovery related to the claims asserted directly against Defendants.  Thus, in

the event that the Ninth Circuit concludes Defendants are subject to qualified immunity, Defendants will have only been subjected to discovery that was inevitable in any event.

## CONCLUSION

Based on the foregoing analysis, Defendants' request to stay discovery is **GRANTED IN PART** and **DENIED IN PART**.  The Court partially stays discovery against Defendants as to the *Bivens* claims but allows discovery against them restricted to their roles as witnesses in the FTCA claims against the United States.  A revised case management order is forthcoming.

**IT IS SO ORDERED.**

Dated: June 14, 2016

_____
MARIA-ELENA JAMES
United States Magistrate Judge