UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNARDO MENDIA,<br><br>Plaintiff,<br><br>v.<br><br>JOHN M. GARCIA, et al.,<br><br>Defendants. | Case No. 10-cv-03910-MEJ<br><br>**DISCOVERY ORDER**<br><br>Re: Dkt. No. 147 |

## INTRODUCTION

Pending before the Court is the parties' Joint Discovery Letter concerning the scope of their proposed protective order. Jt. Ltr., Dkt. No. 147. Having considered the parties' positions, the relevant legal authority, and the record in this case, the Court issues the following order.

## BACKGROUND

The parties have engaged in discovery over the last few months, and in the process have attempted to enter into a joint protective order. As no agreement was reached prior to the response deadline for Plaintiff Bernardo Mendia's ("Plaintiff") discovery requests, the parties agreed to rely on the Model Protective Order used in this District with the additional provision that any material designated as "confidential" and produced by Defendants[1] will not be used by Plaintiff in any other litigations. That additional provision will expire upon the Court entering a protective order.

Currently, the parties are in agreement over the language of the proposed protective order with the exception of one addition proposed by Defendants in section 7.2:

> 7.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information

---

[1] "Defendants" are the United States, Ching Chang, and John M. Garcia.

> or item designated "CONFIDENTIAL" only to: [specified individuals];
>
> Provided that nothing in this Protective Order shall restrict Defendant the United States including directors, officers, agents, and other employees from performing statutorily authorized functions and they may not be liable for fully executing such authority in ordinary course, notwithstanding this Protective Order.

*See* Jt. Ltr., Ex. 1 (Proposed Protective Order) at 7-8. Plaintiff opposes the addition of this provision. The parties are now at an impasse.

## LEGAL STANDARD

Federal Rule of Civil Procedure 26(c) "confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984). "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" by (1) prohibiting disclosure or discovery; (2) conditioning disclosure or discovery on specified terms; (3) preventing inquiry into certain matters; or (4) limiting the scope of disclosure or discovery to certain matters. Fed. R. Civ. P. 26(c)(1).

## DISCUSSION

Plaintiff opposes the addition of Defendants' proposed provision on the ground that it "would give the United States and its various agencies and employees *carte blanche* to use protected information for any purpose, as long as such purpose is within the guise of 'statutorily authorized functions.'" Jt. Ltr. at 4 (emphasis in original). He contends the provision makes the parties' obligations and rights lopsided, in that "it eviscerates Plaintiff's rights to protect certain confidential information while protecting Defendant's own purportedly confidential information (for example, if Plaintiff wished to use a document subject to the protective order in another case, he would be forced to move the court to modify the protective order)." *Id.* In general, Plaintiff notes the Northern District's Model Protective Order expressly prohibits the use of protected information for purposes other than for "prosecuting, defending, or attempting to settle" the underlying litigation. *Id.* (citing Model Order § 7.1). Plaintiff further contends Defendants have not justified this departure from the Model Protective Order, "other than to make clear that they are engaging in a fishing expedition for information against Plaintiff to use against him (or others)

in other *unspecified, future, potential* proceedings." *Id.* (emphasis in original). He argues there is no reason to depart from the Model Protective Order, which "set[s] forth presumptively reasonable conditions regarding the treatment of highly confidential information." *Id.* at 5 (quoting *Barnes & Noble, Inc. v. LSI Corp.*, 2012 WL 1029939, at *3 (N.D. Cal. Mar. 26, 2012)). Rather, Plaintiff suggests that the better way to handle Defendants' theoretical needs is to request that the protective order be modified if and when the need to use information obtained in discovery arises. *Id.* at 4. Finally, Plaintiff asserts Defendants have the burden "to explain why Defendant's provision, which deviates from this District's Model Protective Order, is warranted." *Id.*

Defendants argue it is Plaintiff's burden to demonstrate what "particularized harm" could arise from the proposed provision. *Id.* at 2. Defendants contend Plaintiff "is seeking a 'use restriction' limitation that would preclude the U.S. Government from using any evidence derived during discovery in this case in other civil or criminal proceedings against him." *Id.* They note Plaintiff has articulated only a "speculative fear that discovery in his current lawsuit could lead to future legal action against him[,]" which they contend is insufficient as "broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Id.* (quoting *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d. 470, 476 (9th Cir. 1992)). Defendants further point out that "[c]ontrary to [Plaintiff's] beliefs, the U.S. is not the same as a private litigant[,]" and "[i]t is well-established that the U.S. Government may use evidence obtained in a civil action in later criminal proceedings unless the defendant can show that to do so would violate his constitutional rights or that such use would depart from the proper administration of justice." *Id.* (citing *U.S. v. Kordel*, 397 U.S. 1, 12-13 (1970); *see also U.S. v. Unruh*, 855 F.2d 1363, 1374 (9th Cir. 1987); *U.S. v. Carriles*, 541 F.3d 344, 354 (5th Cir. 2008)).

The Court agrees with Defendants that, under Rule 26(c), Plaintiff bears the burden in this instance, as he seeks the Court's protection for information that otherwise appears discoverable. *See* Fed. R. Civ. P. 26(c)(1). While Defendants generally seek the protective order in this matter, Plaintiff likewise wants the confidentiality provisions of the protective order to apply to him. Plaintiff does not dispute that a protective order is otherwise appropriate in this case. Consequently, as Plaintiff is the party requesting certain protections apply to him, it is his burden

3

to make a "particular showing" of good cause.  *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1131 (9th Cir. 2003).[2]  Generally, to do so, Plaintiff would have to show that (1) the material in question is a trade secret or other confidential information within the scope of Rule 26(c), and (2) disclosure would cause an identifiable, significant harm.  *Id.* (quotation omitted); *see also Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063-64 (9th Cir. 2004) ("If a court finds particularized harm will result from disclosure of information to the public, then it balances the public and private interests to decide whether a protective order is necessary." (quotation omitted)).  Plaintiff has done neither at this point.  While he indicates some concern that Defendants may use his information to retaliate or as leverage against him, he has not articulated this concern with any specificity so the Court can assess whether it is based on anything more than speculation.  *See Beckman Indus.*, 966 F.2d at 476.  Without more, he has not demonstrated good cause for the protections he seeks.

## CONCLUSION

At this point, on the basis of the current record, the Court will not require Defendants to withhold the proposed addition to the protective order.  Nor will the Court require Defendants to adopt the Model Protective Order language as Plaintiff seeks.  That said, Defendants' inclusion of their proposed provision in the protective order does not preclude Plaintiff from withholding privileged information or seeking protection from the Court in the future under Rule 26(c).

**IT IS SO ORDERED.**

Dated: July 20, 2016

_____
MARIA-ELENA JAMES
United States Magistrate Judge

---

[2] *But see Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, 2013 WL 5663434, at *1 (N.D. Cal. Oct. 17, 2013) (in patent disputes, Patent Local Rule 2-2 requires that the Patent Model Protective Order governs discovery unless the Court enters a different protective order, and "[t]herefore, absent a protective order already in place governing the parties' dispute, the party requesting to deviate from the Interim Model Protective Order bears burden of showing the specific harm and prejudice that will result if its request is not granted."); *Dynetix Design Sols., Inc. v. Synopsys, Inc.*, 2012 WL 1232105, at *2 (N.D. Cal. Apr. 12, 2012) (same).