UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNARDO MENDIA,<br>    Plaintiff,<br>    v.<br>JOHN M. GARCIA, et al.,<br>    Defendants. | Case No. 10-cv-03910-MEJ<br><br>**ORDER RE: MOTION TO DISQUALIFY JUDGE**<br><br>Re: Dkt. No. 223 |

## INTRODUCTION

Plaintiff Bernardo Mendia moves to disqualify this Court from presiding over this action. Mot., Dkt. No. 223. Defendants John Garcia, Ching Chang, and the United States of America (collectively, "Defendants") filed an Opposition (Dkt. No. 233) and Plaintiff filed a Reply (Dkt. No. 237). This matter came before the Court on April 27, 2017. Having considered the parties' arguments, the record in this case, and the relevant legal authority, the Court **DENIES** Plaintiff's Motion.

## BACKGROUND

This action arises out of allegedly unlawful immigration detainers that Garcia and Chang (together, the "Federal Defendants"), both U.S. Immigration and Customs Enforcement ("ICE") agents, placed on Plaintiff in 2007 while he was in pretrial detention. Plaintiff, proceeding pro se, initiated this action in 2010. *See* Compl., Dkt. No 1. He filed his First Amended Complaint ("FAC") on August 11, 2011. Dkt. No. 28.

On March 20, 2012, the Court dismissed the FAC on the ground that Plaintiff lacked Article III standing. Dkt. No. 51. Plaintiff appealed (Dkt. No. 52), and on April 8, 2014, the Ninth Circuit reversed, holding Plaintiff could show that Defendants caused his injury and thus

had standing to sue. *See Mendia v. Garcia*, 768 F.3d 1009 (9th Cir. 2014).

On December 17, 2014, the Court granted Plaintiff 90 days to obtain counsel and seek leave to file a second amended complaint ("SAC"). Dkt. No. 63. Plaintiff did not retain counsel, but timely sought leave to amend on March 10, 2015 (Dkt. No. 64) and filed his SAC on April 1, 2015 (Dkt. No. 68). Defendants moved to dismiss the SAC. Dkt. Nos. 87, 90. Plaintiff subsequently obtained pro bono counsel (Dkt. No. 93; *see* Dkt. No. 101 at 1) and filed Oppositions to both Motions to Dismiss (Dkt. Nos. 96, 98). Thereafter, the parties notified the Court that Plaintiff intended to seek leave to file a third amended complaint ("TAC") and stipulated to suspend the briefing deadlines related to the Motions to Dismiss pending the Court's ruling on Plaintiff's anticipated motion for leave to file a TAC. Dkt. Nos. 99-100.

On February 26, 2016, the Court granted in part and denied in part Plaintiff's Motion for Leave to File a TAC. Dkt. No. 107. The Court permitted Plaintiff to amend the SAC to assert (1) Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 et seq., claims against the United States for intentional infliction of emotional distress, false imprisonment, and negligence; and (2) *Bivens*[1] claims against the Federal Defendants for violations of Plaintiff's First Amendment right to free speech, Fourth Amendment right against unreasonable seizure, and Fifth Amendment right to equal protection. *Id.* at 10-31. The Court found the Federal Defendants were not entitled to qualified immunity at that time. *Id.* at 26-31. The Court did not permit amendment as to Plaintiff's proposed (1) Fifth Amendment self-incrimination and substantive due process claims, (2) Eighth Amendment excessive bail claim against the Federal Defendants, (2) declaratory relief claims, and (3) claims against ICE Field Office Director Timothy Aitken. *Id.* at 31-42. On April 22, 2016, the Federal Defendants appealed that Order. Dkt. No. 134.

On May 10, 2016, the Court denied the Federal Defendants' Motion to Dismiss the TAC. Dkt. No. 138. Among other things, the Court again found the Federal Defendants were not entitled to qualified immunity. *Id.* at 8-19. The Federal Defendants appealed this Order as well. Dkt. No. 146.

---

[1] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

On June 14, 2016, the Court "partially stay[ed] discovery against [the Federal] Defendants as to the *Bivens* claims but allow[ed] discovery against them restricted to their roles as witnesses in the FTCA claims against the United States." Dkt. No. 143 at 10. The parties engaged in discovery thereafter and participated in a settlement conference.

Plaintiff's counsel withdrew from representation on August 25, 2016. Dkt. No. 170. Consequently, the Court stayed all proceedings, vacated all deadlines, and referred Plaintiff to the San Francisco Federal Pro Bono Project to attempt to find an attorney to represent Plaintiff in settlement proceedings. Dkt. No. 171. The Pro Bono Project was unable to find new counsel for Plaintiff. *See* Dkt. No. 173. On October 31, 2016, the Court determined "the matter must proceed with Plaintiff representing himself pro se for the time being." *Id.* It lifted the stay, scheduled a case management conference ("CMC"), and ordered the parties to meet and confer and file a joint CMC statement no later than one week prior to the conference. *Id.*

The parties filed separate CMC statements. Dkt. Nos. 175 (Defs.' Statement), 177 (Pl.'s Statement). Defendants represented that "since November 18, 2016, Defendants' counsel ha[d] repeatedly (and unsuccessfully) tried to seek Plaintiff's compliance with the Court's October 31, 2016, order" but that "[a]s of filing, Defendants' counsel ha[d] heard nothing more from Plaintiff about the Amended Case Management Statement, as well as other discovery-related matters." Defs.' Statement at 2 n.1. Defendants also noted several discovery concerns, including (1) Plaintiff's failure to engage in discovery discussions; (2) Plaintiff's failure to comply with his discovery obligations under Federal Rule of Civil Procedure 26(a)(1)(A)(iii); (3) Plaintiff's unauthorized disclosure of documents covered by the parties' protective order; and (4) difficulties with holding in-person meet and confer sessions, as Plaintiff had moved to Mexico. *Id.* at 7-13; *see* Pl.'s Statement at 1 ("Plaintiff is domiciled in Mexico City."). In his statement, Plaintiff indicated he was in the process of obtaining counsel and requested a sixty-day continuance of the CMC to allow him to do so. Pl.'s Statement at 6-8.

The Court held the CMC on December 22, 2016. Attorney H. Nelson Meeks appeared on Plaintiff's behalf for the limited purpose of representing Plaintiff at the CMC. Dkt. No. 183; *see* Dkt. No. 178. At the conference, the Court ordered Plaintiff to, among other things, recall any

3

documents covered by the protective order that he had disclosed to third parties. Dkt. No. 182 ¶ 2. The Court also set a further CMC for February 23, 2017 to give Plaintiff additional time to obtain counsel. *Id.* ¶ 4.

On February 16, 2017, Plaintiff filed a status report describing his unsuccessful search for counsel. Dkt. No. 190. Plaintiff also filed a Motion to Stay the proceedings pending resolution of the Federal Defendants' appeals. Dkt. No. 189.

The Court held a further CMC on February 23, 2017, at which Plaintiff appeared. The Court ordered, inter alia, Plaintiff to request his file from his former counsel and produce to Defendants documents pertaining to the computation of his damages. Dkt. No. 194 ¶¶ 1-2. The Court stated it would hold a hearing on Plaintiff's Motion to Stay and confirm Defendants had received the requested documents on March 23, 2017. *Id.* ¶ 4.

Just five days after the February 23 CMC, Defendants notified the Court that they had been unable to obtain Plaintiff's cooperation to engage in an in-person meet and confer. Dkt. No. 196. Defendants asserted Plaintiff failed to provide a list of his damages as required by Federal Rule of Civil Procedure 26(a), by Judge Beeler to facilitate settlement discussions, and by this Court on February 23, 2017. *Id.* at 7-8; Dkt. No. 194. Defendants also contended Plaintiff failed to appear at meet and confer sessions scheduled for December 15, 2016 and February 23, 2017, despite Plaintiff's representations that he would attend. Dkt. No. 196 at 8.

Plaintiff did not respond to the notice, and the Court set a hearing on the matter, which it construed as a motion to compel, for March 9, 2017. Dkt. No. 200. Plaintiff appeared in person at the March 9, 2017 hearing. The Court ordered him to appear in person at a meet and confer session with Defendants in the Court's jury room at 9:00 a.m. on March 23, 2017, the same day Plaintiff noticed the hearing on his Motion to Stay. Dkt. No. 203 ¶ 4. The Court also ordered Plaintiff to attend his deposition, which the United States noticed for March 22, 2017, absent a Court order excusing his appearance. *Id.* ¶ 3. On March 15, 2017, the Court denied Plaintiff's request to excuse his appearance at his deposition, finding good cause did not exist. Dkt. No. 210.

On March 17, 2017, Defendants filed a notice that the documents Plaintiff produced in response to the Court's March 9, 2017 Order were deficient, as they did not pertain to the

4

1  calculations of his damages. Dkt. No. 213.  On March 21, 2017, Plaintiff filed three documents.
2  First, Plaintiff responded to Defendants' March 17 notice by filing his own notice of the
3  concurrently filed "Preliminary Calculation of Damages Specific to Federal Tort Claims Act
4  Claims." Dkt. Nos. 215-16.  Second, Plaintiff filed "Objections to Defendant United States of
5  America's Notice of Deposition of Bernardo Mendia," in which he set forth eight objections to his
6  March 22, 2017 deposition. Dkt. No. 217.  Third, Plaintiff filed a "Notice of Unavailability of
7  Bernardo Mendia Due to Medical Treatment and Request for Postponement of Proceedings." Dkt.
8  No. 218.  Plaintiff explained he was unavailable to participate in the proceedings until April 2017
9  due to medication prescribed for an unspecified "medical treatment of an ailment that required
10 medical attention on Sunday March 19th 2017." *Id.* at 1.  In support, Plaintiff attached a "medical
11 letter of Mr. Mendia's attending physician in Mexico City," which was written in Spanish. *Id.*;
12 *see id.*, Ex. 1.  Plaintiff did not attach a certified translation of the letter. Plaintiff requested the
13 Court "postpone the proceedings . . . till [sic] Monday April 3rd 2017 for a status update" and
14 represented that he "submit[ted] the motion [to stay] on the pleadings and has[d] no further
15 argument to make before the Court on that Motion." *Id.* at 2.

16 The Court overruled Plaintiff's objections, denied Plaintiff's request to postpone
17 proceedings, and ordered Plaintiff to attend his deposition. Dkt. No. 220.  In declining to postpone
18 the proceedings, the Court explained that it would not consider the letter from Plaintiff's physician
19 because Plaintiff did not provide a certified translation of the document, and because Plaintiff did
20 not explain why his medication prevented him attending the deposition, the Court-ordered meet
21 and confer session, or the hearing.  *Id.* at 2.  The Court stated "[t]he deposition, meet-and-confer,
22 and hearing shall proceed as previously ordered." *Id.*  The Court further warned that "[i]f Plaintiff
23 does not attend his deposition, he will be responsible for paying the reasonable fees and costs
24 Defendants' counsel have incurred in travelling to San Francisco." *Id.*

25 Plaintiff did not attend his March 22 deposition or the March 23 meet and confer session
26 and hearing on his Motion to Stay.[2]  Dkt. Nos. 221, 225.  Instead, on March 23, 2017, Plaintiff

---

[2] The Court issued an Order to Show Cause as to why it should not impose sanctions on Plaintiff for his repeated disobedience to the Court's orders. Dkt. No. 224. The Court will address

5

filed the instant Motion to Disqualify the undersigned. *See* Mot.

## DISCUSSION

"[A] judge has 'as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require.'" *Clemens v. U.S. Dist. Court for Cent. Dist. of Cal.*, 428 F.3d 1175, 1179 (9th Cir. 2005) (quoting *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995)). "'Since a federal judge is presumed to be impartial, the party seeking disqualification bears a substantial burden to show that the judge is biased.'" *Harper v. Lugbauer*, 2012 WL 734167, at *1 (N.D. Cal. Mar. 6, 2012) (quoting *Torres v. Chrysler Fin. Co.*, 2007 WL 3165665, at *1 (N.D. Cal. Oct. 25, 2007)).

Plaintiff seeks disqualification pursuant to 28 U.S.C. §§ 455(a), (b)(1), and (b)(4). "Section 455 imposes a self-enforcing duty on a judge to consider any obvious basis for recusal, even when the only basis is personal bias or prejudice." *Ou-Young v. Roberts*, 2013 WL 6155877, at *2 (N.D. Cal. Nov. 22, 2013) (citing *United States v. Sibla*, 624 F.2d 864, 868 (9th Cir. 1980)). The individual judge has the discretion to rule over a motion to disqualify.[3] *In re Bernard*, 31 F.3d 842, 843 (9th Cir. 1994). Plaintiff asserts the same bases for recusal under each provision, namely, that the undersigned's rulings demonstrate favoritism toward Defendants and that the undersigned has an interest in disposing of the action before the Ninth Circuit rules on the pending appeals.

**A.   28 U.S.C. § 455(a)**

   1.   Legal Standard

Section 455(a) requires that "[a]ny . . . magistrate judge of the United States shall disqualify h[er]self in any proceeding in which h[er] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "Section 455(a) covers circumstances that appear to create a conflict of

---

Plaintiff's Motion to Stay once it resolves the Motion to Disqualify.

[3] Plaintiff does not invoke 28 U.S.C. § 144 as a basis for disqualification, nor does he attach an affidavit of bias to his Motion. As such, the Court need not refer Plaintiff's Motion for random assignment to another Judge. *See* 28 U.S.C. § 144; Civ. L.R. 3-14; *Ou-Young*, 2013 WL 6155877, at *2.

interest, whether or not there is actual bias." *Herrington v. Sonoma Cty.*, 834 F.2d 1488, 1502 (9th Cir. 1987), *opinion amended on denial of reh'g sub nom. Herrington v. Cty. of Sonoma*, 857 F.2d 567 (9th Cir. 1988). The central concern of § 455(a) is "whether a reasonable person perceives a significant risk that the judge will resolve the case on a basis other than the merits." *Clemens*, 428 F.3d at 1178 (internal quotation marks omitted). As such, the test for disqualification under § 455(a) asks "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008) (internal quotation marks omitted). "The 'reasonable person' in this context means a 'well-informed, thoughtful observer,' as opposed to a 'hypersensitive or unduly suspicious person.'" *Id.* (quoting *In re Mason*, 916 F.2d 384, 386 (7th Cir. 1990)). "The 'objective' standard is a check to avoid even the appearance of partiality, . . . and ensure that the judge's decision is reasonable to an informed observer." *Holland*, 519 F.3d at 914.

But "§ 455(a) is limited by the 'extrajudicial source' factor which generally requires as the basis for recusal something other than rulings, opinions formed or statements made by the judge during the course of trial." *Id.* at 913-14; *see King v. U.S. Dist. Court for Cent. Dist. of Cal.*, 16 F.3d 992, 993 (9th Cir. 1994) ("Recusal ordinarily is required only if the bias or prejudice stems from an extrajudicial source, and not from a judge's conduct or rulings during the course of judicial proceedings." (internal quotation marks omitted)); *Herrington*, 834 F.2d at 1502 ("Bias under 28 U.S.C. § 455 must derive from extrajudicial sources."). "'[S]ection 455(a) claims are fact driven, and as a result, the analysis of a particular section 455(a) claim must be guided, not by comparison to similar situations addressed by prior jurisprudence, but rather by an independent examination of the unique facts and circumstances of the particular claim at issue.'" *Clemens*, 428 F.3d at 1178 (quoting *United States v. Bremers*, 195 F.3d 221, 226 (5th Cir. 1999)). As a "general rule . . . 'rumor, speculation, beliefs, conclusions, innuendo, suspicion, opinion, and similar non-factual matters' do not form the basis of a successful recusal motion." *Sivak v. Hardison*, 658 F.3d 898, 926 (9th Cir. 2011) (quoting *Clemens*, 428 F.3d at 1178) (brackets omitted).

//

2. <u>Analysis</u>

Plaintiff fails to show the undersigned must recuse herself pursuant to § 455(a). Plaintiff offers no facts that would cause a reasonable person to believe the undersigned is biased and cannot resolve the case on its merits. Plaintiff's only purported evidence of bias is the Court's rulings and orders, which he contends show favoritism toward Defendants (Mot. at 4-5); however, "[a]dverse findings do not equate to bias." *United States v. Johnson*, 610 F.3d 1138, 1148 (9th Cir. 2010). Absent unusual circumstances, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994) (citing *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966)); *see Guadarrama v. Small*, 2010 WL 3154555, at *1 (S.D. Cal. Aug. 9, 2010) ("[E]ach of [p]etitioner's asserted grounds for disqualification involve previous rulings in this matter, but 'prior rulings in the proceeding' do not require recusal 'except in the rarest of circumstances.'" (quoting *Holland*, 519 F.3d at 914 n.5)). Such circumstances are absent here.

Plaintiff asserts that "[t]he key concern for [the undersigned] is resolving the case at bar well in advance of a ruling from the Ninth Circuit Court of Appeals on the consolidated appeals before that court. That is clearly an extra judicial fact[.]" Mot. at 5. Plaintiff offers no evidence to support this contention. Without more, Plaintiff's assertion is mere speculation or suspicion. *See Clemens*, 428 F.3d at 1180 ("Section 455(a) does not require recusal based on speculation."); *Hernandez v. Fed. Home Loan Mortg. Corp.*, 2013 WL 12142956, at *1 (C.D. Cal. Jan. 4, 2013) (rejecting argument that it would be "'inappropriate' for [j]udge . . . to preside over the instant case because two of the [p]laintiffs . . . are also parties to a similar case now pending before the Ninth Circuit in which they also attack [the] [j]udge['s] . . . impartiality" where plaintiff "fail[ed] to explain . . . how the pending appeal would affect [the] [j]udge['s] . . . impartiality in this case.").

**B.     28 U.S.C. § 455(b)(1)**

1. <u>Legal Standard</u>

Section 455(b)(1) provides that a judge " shall . . . disqualify h[er]self . . . [w]here [s]he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding[.]" This provision "addresses the matter of personal bias and

8

prejudice specifically[.]" *Liteky*, 510 U.S. at 553; *see Sibla*, 624 F.2d at 867 ("[S]ection [455](b)(1) simply provides a specific example of a situation in which a judge's impartiality might reasonably be questioned pursuant to section 455(a)." (internal quotation marks omitted)). The extrajudicial source factor applies equally to § 455(b)(1). *Liteky*, 510 U.S. at 553. But while § 455(a) concerns the appearance of bias, "[§] 455(b) covers situations in which an *actual* conflict of interest exists, even if there is no appearance of one." *Herrington*, 834 F.2d at 1502 (emphasis in original). In addition, Section 455(b) requires the judge to apply a "subjective standard . . . to determine whether [s]he can be truly impartial when trying the case. This is a test for actual bias." *Holland*, 519 F.3d at 915.

    2.  Analysis

Plaintiff fails to show the existence of any actual conflict justifying recusal under § 455(b)(1). Plaintiff's reliance upon prior rulings and orders, without extrajudicial facts, is insufficient to prove actual bias. *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986) ("The alleged prejudice must result from an extrajudicial source; a judge's prior adverse ruling is not sufficient cause for recusal."). Because Plaintiff lacks evidence of actual bias, § 455(b)(1) does not require recusal here.

**B.  Section 455(b)(4)**

    1.  Legal Standard

Section 455(b)(4) requires a judge to disqualify herself when "[sh]e knows that [s]he, individually or as a fiduciary, or h[er] spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding." "The latter basis of 'any other interest,' unlike the former basis which is not so modified, requires recusal only if these non-pecuniary interests "could be substantially affected by the outcome in the proceeding." *Perry*, 790 F. Supp. 2d at 1119, 1124–25 (N.D. Cal. 2011), *aff'd sub nom. Perry v. Brown*, 671 F.3d 1052 (9th Cir. 2012), v*acated and remanded sub nom. Hollingsworth v. Perry*, 133 S. Ct. 2652 (2013) (quoting *In re Cement Antitrust Litig.*, 688 F.2d 1297, 1308 (9th Cir. 1982)).

//

2. <u>Analysis</u>

Plaintiff does not argue the undersigned or a member of her household has a financial stake in this litigation; the only issue is whether the Court has "any other interest that could be substantially affected by the outcome of the proceeding."

Section 455 does not define what constitutes "any other interest."[4] Plaintiff appears to argue the Court's ostensible interest in terminating the case prior to the Ninth Circuit's ruling constitutes "any other interest" that mandates recusal pursuant to § 455(b)(4). Mot. at 7. Assuming *arguendo* this amounts to more than speculation, Plaintiff fails to explain how this causes actual bias against him. *See Hernandez*, 2013 WL 12142956, at *1 (absent evidence of actual bias, judge's alleged interest in appeal did not "rise[] to 'such a high degree of favoritism or antagonism as to make fair judgment impossible.'" (quoting *Pesnell v. Arsenault*, 543 F.3d 1038, 1044 (9th Cir. 2008), *abrogated on other grounds by Simmons v. Himmelreich*, 136 S. Ct. 1843 (2016)). Plaintiff has offered neither evidence nor argument establishing Section 455(b)(4) mandates recusal.

**CONCLUSION**

Plaintiff fails to show recusal is required under 28 U.S.C. §§ 455(a), (b)(1), or (b)(4). Accordingly, the Court **DENIES** Plaintiff's Motion.

**IT IS SO ORDERED.**

Dated: April 27, 2017

MARIA-ELENA JAMES
United States Magistrate Judge

---

[4] Defendants urge the Court to interpret "'any other interests' to include only financial or pecuniary interests." Opp'n at 23-24 (citing *In re Va. Elec. & Power Co.*, 539 F.2d 357, 361 (4th Cir. 1976); *Melendres v. Arpaio*, 2009 WL 2132693, at *9 (D. Ariz. July 15, 2009); *E. & J. Gallo Winery v. Encana Energy Servs.*, 2004 U.S. Dist. LEXIS 29380, *13-15 (E.D. Cal. Feb. 20, 2004), *report and recommendation adopted by* 2004 U.S. Dist. LEXIS 29382 (E.D. Cal. Mar. 29, 2004)). The Court declines to adopt Defendants' definition at this time.

10