UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNARDO MENDIA,<br><br>    Plaintiff,<br><br>v.<br><br>JOHN M. GARCIA, et al.,<br><br>    Defendants. | Case No. 10-cv-03910-MEJ<br><br>**ORDER RE: MOTION TO STAY**<br><br>Re: Dkt. No. 189 |

## INTRODUCTION

Plaintiff Bernardo Mendia ("Plaintiff") filed a Motion to Stay Proceedings. Mot., Dkt. No. 189. Defendants John Garcia, Ching Chang, and the United States of America (collectively, "Defendants") oppose the Motion in part. Opp'n, Dkt. No. 198. The Court held a hearing on the matter on March 23, 2017. Plaintiff did not appear at the hearing.[1] *See* Order to Show Cause, Dkt. No. 224. Having considered the parties' arguments, the relevant legal authority, and the record in this 2010 case, the Court **DENIES** Plaintiff's Motion.

## BACKGROUND[2]

This action arises out of a June 2007 immigration detainer that Garcia and Chang (together, the "Federal Defendants"), both ICE agents, allegedly wrongfully placed on Plaintiff while he was held in pretrial detention in Contra Costa County. Plaintiff initiated this action in

---

[1] On March 21, 2017, Plaintiff filed a notice regarding the Motion to Stay, stating that he "submits the motion on the pleadings and has no further argument to make before the Court on that motion." Dkt. No. 218 at 2.

[2] Detailed factual and procedural backgrounds are set forth in the Court's prior Orders. *See* Dkt. Nos. 107, 138, 241.

August 2010.

As is relevant here, on February 26, 2016, the Court granted in part and denied in part Plaintiff's Motion for Leave to File a TAC. Dkt. No. 107. The Court permitted Plaintiff to amend the SAC to assert (1) Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 et seq., claims against the United States for intentional infliction of emotional distress, false imprisonment, and negligence; and (2) *Bivens*[3] claims against the Federal Defendants for violations of Plaintiff's First Amendment right to free speech, Fourth Amendment right against unreasonable seizure, and Plaintiff's Fifth Amendment right to equal protection. *Id.* at 10-31. The Court found the Federal Defendants were not entitled to qualified immunity at that time. *Id.* at 26-31. The Court did not permit amendment as to Plaintiff's proposed (1) Fifth Amendment self-incrimination and substantive due process claims, (2) Eighth Amendment excessive bail claim against the Federal Defendants, (3) declaratory relief claims, and (4) claims against ICE Field Office Director Timothy Aitken. *Id.* at 31-42. On April 22, 2016, the Federal Defendants appealed this Order. Dkt. No. 134.

On May 10, 2016, the Court denied the Federal Defendants' Motion to Dismiss the TAC, finding, inter alia, the Federal Defendants were not entitled to qualified immunity. Dkt. No. 138. The Federal Defendants appealed this Order as well. Dkt. No. 146.

In light of the Federal Defendants' appeals, Defendants requested the Court stay all discovery until the Ninth Circuit resolved the qualified immunity issue. Jt. Ltr., Dkt. No. 129; Suppl. Jt. Ltr., Dkt. No. 142. Plaintiff opposed such a stay. *Id.* (both). On June 14, 2016, the Court "partially stay[ed] discovery against [the Federal] Defendants as to the *Bivens* claims but allow[ed] discovery against them restricted to their roles as witnesses in the FTCA claims against the United States." Dkt. No. 143 at 10. The parties engaged in discovery thereafter and participated in a settlement conference.

After Plaintiff's counsel withdrew from representation on August 25, 2016 (Dkt. No. 170), the Court stayed all proceedings to allow the San Francisco Federal Pro Bono Project an

---

[3] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

2

opportunity to try to find Plaintiff counsel for settlement purposes (Dkt. No. 171). Those efforts proved unsuccessful, and on October 31, 2016, the Court determined "the matter must proceed with Plaintiff representing himself pro se for the time being." Dkt. No. 173. It lifted the stay, scheduled a case management conference ("CMC"), and ordered the parties to meet and confer and file a joint CMC statement no later than one week prior to the conference. *Id.*

Plaintiff now seeks to stay this action in entirety until the appeals are resolved. *See* Mot. Defendants oppose a complete stay; rather, they argue the parties should continue to engage in the discovery process that is necessary to prepare for settlement discussions. Opp'n at 2. A settlement conference is currently scheduled for May 24, 2017. Dkt. No. 227.

## LEGAL STANDARD

"[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 136 S. Ct. 1885, 1892 (2016); *see also* Fed. R. Civ. P. 1. This inherent authority includes the power to stay proceedings. *Ryan v. Gonzales*, 568 U.S. 57, 133 S. Ct. 696, 708 (2013) ("[A] district court may stay a case 'pending before it by virtue of its inherent power to control the progress of the cause so as to maintain the orderly processes of justice'" (quoting *Enelow v. N.Y. Life Ins. Co.*, 293 U.S. 379, 382 (1935)).

In determining whether to grant a stay pending an appeal, courts consider four factors: "'(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" *Latta v. Otter*, 771 F.3d 496, 498 (9th Cir. 2014) (quoting *Nken v. Holder*, 556 U.S. 418, 426 (2009)). "The first two factors . . . are the most critical." *Nken*, 556 U.S. at 434. The moving party "bears the burden of showing that the circumstances justify an exercise of that discretion." *Id.* at 433–34.

## DISCUSSION

### A. Likelihood of Success

"[T]o justify a stay, [the moving party] need not demonstrate that it is more likely than not

3

that they will win on the merits." *Leiva-Perez v. Holder*, 640 F.3d 962, 966 (9th Cir. 2011). Rather, "in order to justify a stay, a [movant] must show, at a minimum, that she has a substantial case for relief on the merits." *Id.* at 968; *see Mohamed v. Uber Techs.*, 115 F. Supp. 3d 1024, 1028 (N.D. Cal. 2015) ("In order to satisfy the first factor, although the moving party need not show that success on appeal is more likely than not . . . , it must make a 'strong showing' on the merits." (internal citation omitted)). Alternatively, "the moving party can show that its appeal raises 'serious legal questions' even if the moving party has only a minimal chance of prevailing on these questions." *O'Connor v. Uber Techs., Inc.*, 2015 WL 9303979, at *1 (N.D. Cal. Dec. 22, 2015) (citing *In re Carrier IQ Consumer Privacy Litig.*, 2014 WL 2922726, at *1 (N.D. Cal. June 13, 2014); *Mohamed*, 2015 WL 4483990, at *2).

Plaintiff argues he will prevail on the merits of the appeals because "(i) there was an immigration detainer lodged against a known United States citizen that just can't seem to be 'explained'[,] and (ii) the 'batting average' of [Defendants'] counsel in that they lost the first appeal on a 3-0 opinion and most recently lost two 12(b) motions to dismiss[.]" Mot. at 8. Neither argument is persuasive.

First, by focusing on the lawfulness of the immigration detainer, Plaintiff misconstrues the scope of this factor. The question is not whether Plaintiff is likely to prevail on the merits of the underlying case, but rather whether Plaintiff has a substantial chance of prevailing on the merits of the *appeal*. *See, e.g.*, *Perry v. Schwarzenegger*, 702 F. Supp. 2d 1132, 1135 (N.D. Cal. 2010) (finding first factor did not favor a stay where movants failed to show court of appeals would reach merits of the appeal). The issue before the Ninth Circuit is not whether the immigration detainer was lawful. Rather, there are only two issues on appeal:

> 1. Are Garcia and Chang entitled to qualified immunity because they did not violate Mendia's clearly established constitutional rights?
> 2. Are Mendia's *Bivens* claims precluded by the Immigration and Nationality Act's comprehensive procedures for issuing immigration detainers and conducting removal proceedings?

Appellants' Opening Br. at 2, *Mendia v. Garcia*, No. 16-15742 (9th Cir. Oct. 13, 2016), Dkt. No. 18. Plaintiff does not address these issues, let alone explain how he has a substantial case for relief on their merits.

4

Second, the Court's denials of Defendants' motions to dismiss are not indicative of the likely outcome of the appeals. The Ninth Circuit "review[s] de novo a district court's denial of a motion to dismiss on the basis of qualified immunity[.]" *Padilla v. Yoo*, 678 F.3d 748, 757 (9th Cir. 2012). Given this standard of review, Plaintiff cannot rely on Defendants' record before this Court as evidence of Plaintiff's likelihood of success. Similarly, Defendants' record as to the appeal taken in 2012 (*see* Dkt. No. 52) is not indicative of the outcome of the pending appeals. The 2012 appeal considered whether Plaintiff had Article III standing, a wholly different issue. *See Mendia v. Garcia*, 768 F.3d 1009 (9th Cir. 2014).

Because Plaintiff does not show he has a substantial likelihood of succeeding on the merits of the appeals, this factor weighs against staying the proceedings.

**B.  Irreparable Injury**

"For a moving party to be considered 'irreparably injured' for the purposes of a motion to stay, that injury must be 'categorically irreparable.'" *Guifu Li v. A Perfect Franchise, Inc.*, 2011 WL 2293221, at *4 (N.D. Cal. June 8, 2011) (quoting *Nken*, 556 U.S. at 435). "[S]imply showing some 'possibility of irreparable injury' . . . fails to satisfy the second factor." *Nken*, 556 U.S. at 434–35 (internal citation omitted).

Plaintiff argues, without citation, that "[i]t is without question that Plaintiff has the right to a jury trial on the *Bivens* claims while simultaneously having a bench trial on the FTCA claims." Mot. at 8. He contends that he "will suffer an irreparable injury in that trial on the FTCA claims will surely be held before a determination on the *Bivens* appeals before the Ninth Circuit Court of Appeals." *Id.*

"[A] plaintiff cannot opt for a jury in an FTCA action, 28 U.S.C. § 2402, as he may in a *Bivens* suit." *Carlson v. Green*, 446 U.S. 14, 22 (1980); *see* 28 U.S.C. § 2402 ("[A]ny action against the United States under section 1346 shall be tried by the court without a jury[.]").[4] In addition, a judgment in a FTCA action "constitute[s] a complete bar to any action by the claimant, by reason of the same subject matter, against the employee of the government whose act or

---

[4] Section 2402 carves out an exception for cases brought under 28 U.S.C. § 1346(a)(1), alleging erroneous taxation. This action does not fall under that exception.

5

omission gave rise to the claim." 28 U.S.C. § 2676.

If the FTCA claims against the United States were to proceed and a judgment issued in the United States' favor, Plaintiff would be barred from pursuing his *Bivens* claims against the Federal Defendants. *Id.*; *see Ting v. United States*, 927 F.2d 1504, 1513 n.10 (9th Cir. 1991) ("[A]lthough judgment against individual federal officers in a *Bivens* action does not preclude a later action against the United States under the FTCA, judgment against the government will completely bar any subsequent action against the individual officers." (citing 28 U.S.C. § 2676)). While Plaintiff is entitled to try his *Bivens* and FTCA claims, he offers no support for the proposition that he is entitled to try them together. At this point, the risk that Plaintiff will suffer an irreparable injury is merely a possibility. The Court vacated the trial dates set in this matter. Dkt. No. 194. As new dates not have been set, there is no risk that a bench trial on the FTCA claims would take place before the Ninth Circuit rules on the appeals.

Plaintiff is also precluded from arguing irreparable injury based on his prior litigation position, as he opposed Defendants' previous request for a stay of discovery and requested the FTCA case move forward. *See* Jt. Ltr.; Suppl. Jt. Ltr. Defendants specifically addressed the risk that a judgment on the FTCA claims would extinguish the *Bivens* claims: they "explained to Plaintiff, if he proceeded with only FTCA claims, there would be no need to resolve the issue of qualified immunity and the case would move forward with discovery and towards trial." Suppl. Jt. Ltr. at 1; *see* Opp'n at 3 ("In April 2016, Defendants informed him that [28 U.S.C. § 2676's judgment bar] would arise if he continued both claims because the Individual Federal Defendants intended to file an interlocutory appeal on the issue of qualified immunity."). Plaintiff nonetheless sought full discovery, arguing that

> [d]iscovery as to the [Federal Defendants] will ultimately proceed under Plaintiff's FTCA claims, as they are the key fact witnesses. So what is the prejudice to [Federal Defendants] participating in discovery now? There is none and Defendants cannot articulate any. Allowing discovery to proceed now will only speed up resolution of this case and reduce the burdens on this Court.

*Id.* at 3. Plaintiff then had the opportunity to stay the case but elected to move forward with his FTCA claims. Although Plaintiff was at the time represented by counsel, "'clients must be held

6

accountable for the acts and omissions of their attorneys,' and [Plaintiff] 'cannot now avoid the consequences of the acts or omissions' of [his] counsel." *S.E.C. v. Platforms Wireless Int'l Corp.*, 617 F.3d 1072, 1101 (9th Cir. 2010) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 396 (1993)) (brackets omitted); *see HKS, Inc. v. Green Acres, LLC*, 2014 WL 12614437, at *2 (C.D. Cal. Jan. 27, 2014) ("An attorney acting and appearing for a party is presumed to have authority to take action in all procedural matters[.]" (quoting *Dale v. City Court of City of Merced*, 105 Cal. App. 2d 602, 608 (1951)).

As such, Plaintiff has not demonstrated that he will be irreparably injured absent a stay.

**C.    Remaining Factors**

As Plaintiff fails to show a strong likelihood that he will succeed on the merits of the appeals or that there is more than a possibility that he will be irreparably injured, Plaintiff "has a tough row to hoe: to obtain a stay pending appeal, he would have to make quite a strong showing on the third and fourth *Nken* factors." *In re Estates*, 2014 WL 12088558, at *4 (C.D. Cal. Sept. 30, 2014). Plaintiff has not met that burden. Although Plaintiff argues, and Defendants do not contest, that a stay will not substantially injure Defendants, public policy concerns weigh against a stay under the circumstances of this case.

Plaintiff contends "the interest of the public[] and any third parties" supports granting the motion. Mot. at 10. The third parties appear to refer to pro bono law firms who have dedicated "hundreds of hours" in bringing the *Bivens* claims and financial backers from whom Plaintiff "has sought to secure hundreds of thousands of dollars for the prosecution of the *Bivens* claims." *Id.* Plaintiff offers no support for the proposition that "other parties interested in the proceeding" (*Nken*, 556 U.S. at 426) include law firms—particularly, former law firms no longer associated with the litigation—and potential financial backers.

As noted, at this point litigating the FTCA claims will not preclude Plaintiff from prosecuting his *Bivens* claims, given that a bench trial has yet to be scheduled. There is, however, a "strong public policy favoring expeditious resolutions of litigation." *MyGo, LLC v. Mission Beach Indus., LLC*, 2017 WL 1354790, at *2 (S.D. Cal. Apr. 13, 2017). Given that Plaintiff initiated this action in 2010 regarding conduct that occurred in 2007, and it returned to this Court

in 2014, the Court finds the public has an interest in the continued litigation of this matter.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion to Stay. The Court will hold a further CMC on June 15, 2017 at 10:00 a.m. in Courtroom B, 15th Floor, 450 Golden Gate Avenue, San Francisco, California. This conference shall be attended by lead trial counsel for parties who are represented. Plaintiff shall appear personally, unless he has obtained counsel by that time.

No later than seven calendar days before the CMC, the parties shall file a Joint Case Management Statement containing the information in the Standing Order for All Judges in the Northern District of California, available at: http://cand.uscourts.gov/mejorders. The Joint Case Management Statement form may be obtained at: http://cand.uscourts.gov/civilforms. If the statement is e-filed, no chambers copy is required.

**IT IS SO ORDERED.**

Dated: April 28, 2017

_____
MARIA-ELENA JAMES
United States Magistrate Judge