UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNARDO MENDIA, <br>     Plaintiff, <br> v. <br> JOHN M. GARCIA, et al., <br>     Defendants. | Case No. 10-cv-03910-MEJ <br><br> **ORDER RE: MOTION TO DISMISS** <br><br> Re: Dkt. No. 285 |

## INTRODUCTION

For approximately three years, this case proceeded on two tracks. While Defendants Ching Chang and John M. Garcia appealed the Court's Order denying qualified immunity with respect to Plaintiff Bernardo Mendia's *Bivens* claims[1], Plaintiff's Federal Tort Claims Act ("FTCA") claims remained pending in this Court. Last year, the Court dismissed with prejudice the FTCA claims due to Plaintiff's repeated noncompliance with his discovery obligations. Dismissal Order, Dkt. No. 268. The Ninth Circuit thereafter "remand[ed] Mendia's *Bivens* claims for the limited purpose of permitting the government to move, and the district court to rule, on the application of its earlier order [dismissing the FTCA claims]." *Mendia v. Garcia*, 874 F.3d 1118, 1122 (9th Cir. 2017).

Defendants filed the instant Motion to Dismiss on December 7, 2017. Mot., Dkt. No. 285. When Plaintiff did not file an opposition as required by Civil Local Rule 7-3, the Court issued an Order to Show Cause ("OSC") why it should not dismiss the *Bivens* claims for failure to prosecute and failure to comply with Court deadlines. OSC, Dkt. No. 286. The Court warned Plaintiff that

---

[1] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

"failure to file a written response will be deemed an admission that Plaintiff does not intend to oppose Defendants' Motion, and the *Bivens* claims will be dismissed." *Id.* (emphasis in original) Plaintiff's response was due January 10, 2018. As of the date of this Order, Plaintiff has not responded to the OSC. *See* Docket.

Having considered Defendants' arguments, the relevant legal authority, and the record in this case, the Court **DISMISSES** Plaintiff's *Bivens* claims **WITH PREJUDICE** for the reasons set forth below.

## BACKGROUND

The Court's Dismissal Order describes in detail Plaintiff's conduct throughout this case. Dismissal Order at 1-9. In short, Plaintiff repeatedly failed to comply with Court orders and his discovery obligations under Federal Rule of Civil Procedure 26:

1. Plaintiff repeatedly refused to provide Defendants with a calculation of his damages as required by Rule 26(a)(1)(A)(iii), and in contravention of the Court's December 22, 2016; February 17, 2017; March 9, 2017; and May 5, 2017 orders requiring him to do so.

2. Plaintiff's production in response to the Court's March 9, 2017 order was deficient. Plaintiff's May 5, 2017 production consisted of documents Defendants produced during discovery; Defendants' own pleadings, discovery requests, and correspondence to Plaintiff's former counsel; and documents that were nonresponsive. Where Plaintiff provided specific monetary amounts for each claim, his calculations were unsupported.

3. Plaintiff failed to appear at meet and confer sessions – some of which were ordered by the Court – with Defendants on December 15, 2016; February 23, 2017; and March 23, 2017, despite his representations that he would do so.

4. Plaintiff failed to appear at his March 22, 2017 deposition, despite a Court order compelling his attendance.

5. Plaintiff did not appear at the hearing on his Motion to Stay.

6. When Plaintiff sat for his deposition on May 12, 2017, he was unable to remember basic information about his own personal life. For instance, he could not recall his current address; his mother's name, age, contact information, or residence, despite speaking to her a week

prior to the deposition; how he met his ex-wife or when they married and divorced; where his child lived, her age, or her name; his education; whether he filed tax returns or had a bank account; and his employment history.

Plaintiff's misconduct continued despite the Court's multiple oral and written warnings that further noncompliance with Court orders and the applicable federal and local rules would result in the dismissal of his action pursuant to Rule 37, and despite the imposition of sanctions for his failure to appear at his March 22, 2017 deposition.

Plaintiff's refusal to meaningfully participate in his own litigation delayed resolution and stalled the case for nearly a year. On balance, the Court found that the public's interest in the expeditious resolution of litigation, the Court's need to manage its docket, the risk of prejudice to Defendants, the public policy favoring disposition of the case on its merits, and the availability of less drastic sanctions weighed in favor of dismissal. Dismissal Order at 11-20. Consequently, the Court dismissed the FTCA claims with prejudice on May 31, 2017. *See* Dismissal Order.

**LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(v), "[i]f a party . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include . . . dismissing the action or proceeding in whole or in part[.]" The Supreme Court interprets "'refuses to obey'" to mean "failing to comply with an order. So construed the Rule allows a court all the flexibility it might need in framing an order appropriate to a particular situation." *Societe Internationale Pour Participations Industrielles et Commerciales, S.A. v. Rogers*, 357 U.S. 197, 208 (1958); *see National Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976) ("[T]he most severe in the spectrum of sanctions provided by statute or rule must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent.").

Courts may dismiss an action "only in extreme circumstances and only where the violation is due to willfulness, bad faith, or fault of the party." *In re Exxon Valdez*, 102 F.3d 429, 432 (9th

Cir. 1996) (internal quotation marks omitted). The Ninth Circuit instructs courts to consider five factors to determine whether a case-dispositive sanction under Rule 37 is warranted:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.

*Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007) (internal quotation marks omitted). "What is most critical for case-dispositive sanctions, regarding risk of prejudice and of less drastic sanctions, is whether the discovery violations threaten to interfere with the rightful decision of the case." *Valley Eng'rs Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998); *see Connecticut Gen. Life Ins.*, 482 F.3d at 1097 ("In deciding whether to impose case-dispositive sanctions, the most critical factor is not merely delay or docket management concerns, but truth.").

## DISCUSSION

Plaintiff's failure to respond to Defendants' Motion and the Court's OSC evidences his continued refusal to comply with Court orders and applicable rules. This alone provides grounds for dismissal. Indeed, the Court warned Plaintiff that failure to respond to the OSC could have this result.[2] *See* OSC; *see also Villalobos v. Vilsack*, 601 F. App'x 551 (9th Cir. 2015) (district court did not abuse its discretion dismissing action where plaintiff failed to respond to OSC regarding plaintiff's failure to prosecute and meet court deadlines, despite court's warning that failure to respond could result in dismissal).

Dismissal is also appropriate for other reasons. As Plaintiff's *Bivens* claims were pending before the Ninth Circuit, the Court's Dismissal Order was limited to Plaintiff's FTCA claims. *See Mendia*, 874 F.3d at 1122 ("Although the district court did not explicitly state it would have dismissed Mendia's *Bivens* claims had it retained jurisdiction over those claims, it would be

---

[2] Plaintiff received electronic notice of both documents, as they were emailed by the ECF System to his address of record, the same address he lists on his most recent filing with the Ninth Circuit. *See* Resp.'s Pet. for Rehearing En Banc, *Mendia v. Garcia*, No. 16-15742 (9th Cir. Nov. 20, 2017), ECF No. 74-1. Plaintiff therefore could not plausibly argue he did not receive notice of either filing.

4

reasonable for the district court to decline to make such a statement, knowing it lacked authority to address them while this appeal was pending, and that such a ruling would have been in excess of its power at that time."); *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."). On limited remand, the Court now has jurisdiction to consider Plaintiff's conduct with respect to his *Bivens* claims. The Court finds no distinction between Plaintiff's conduct with regard to the FTCA claims and his conduct regarding the *Bivens* claims. If not for Defendants' decision to appeal the Court's orders denying qualified immunity, the Court would have retained jurisdiction over the *Bivens* claims and would have dismissed them at the same time and for the same reasons it dismissed the FTCA claims. Plaintiff should not be allowed to profit from Defendants' appeal and use the appeal as a shield against his egregious conduct.

The Court noted that "[a]t its core, this action concerns Plaintiff's citizenship: Plaintiff contends the Federal Defendants violated his constitutional rights by placing an immigration detainer on him despite his United States citizenship." Dismissal Order at 14. The Ninth Circuit found this "sufficient . . . to infer that Mendia's intransigent behavior during discovery was related to seeking relevant information concerning *all* of his claims, and it gives us sufficient insight into how the district court would rule on remand." *Mendia*, 874 F.3d at 1122 (emphasis in original). Indeed, as discussed below, nothing compels the Court to change its earlier analysis as applied to Plaintiff's *Bivens* claims.

**A.     The Public's Interest in Expeditious Resolution of Litigation**

Federal Rule of Civil Procedure 1 obligates "the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." But "delay in reaching the merits, whether by way of settlement or adjudication, is costly in money, memory, manageability, and confidence in the process." *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.* ("*In re PPA*"), 460 F.3d 1217, 1227 (9th Cir. 2006). The district court has the discretion to decide what constitutes an unreasonable delay "'because it is in the best position to determine what period of delay can be endured before its docket becomes unmanageable.'" *Id.* (quoting *In*

*re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994)).

The Court's Dismissal Order sets forth in detail Plaintiff's efforts to delay resolution of his action. Dismissal Order at 11-18. Plaintiff's willful conduct with regard to his discovery obligations unreasonably prevented litigation from moving forward for nearly a year. The Court therefore finds this factor favors dismissal of the *Bivens* claims.

**B.  The Court's Need to Manage its Docket**

"It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). The district court's "inherent powers permit [it] to go as far as to dismiss entire actions to rein in abusive conduct." *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010). To that end, the Ninth Circuit recognizes the importance of "'preserv[ing] the district courts' power to manage their dockets' without being subject to endless non-compliance with case management orders." *In re PPA*, 460 F.3d at 1227 (quoting *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992), *as amended* (May 22, 1992)).

The Court previously found that "'Plaintiff's [aforementioned] noncompliance . . . has consumed much of the [C]ourt's time that could have been devoted to other cases on the docket.'" Dismissal Order at 19 (quoting *Pagtalunan*, 291 F.3d at 642). Plaintiff's failure to respond to the Motion and OSC has again caused the Court to waste time and resources in an attempt to secure a response from Plaintiff. Accordingly, this factor favors dismissal of the *Bivens* claims.

**C.  The Risk of Prejudice to the Party Seeking Sanctions**

"To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Id.* But "[f]ailing to produce documents as ordered is considered sufficient prejudice. [] The law also presumes prejudice from unreasonable delay." *In re PPA*, 460 F.3d at 1227 (internal citations omitted). "Prejudice normally consists of loss of evidence and memory, *In re Eisen*, 31 F.3d at 1453; it may also consist of costs or burdens of litigation, although it may not consist of the mere pendency of the lawsuit itself[.]" *Id.* at 1228.

As a result of Plaintiff's conduct, Defendants have been forced to expend time and

resources attempting to secure his cooperation by filing motions (including the instant Motion) and attending in-person meet and confer sessions, a motion hearing, and a deposition where Plaintiff did not to appear. Plaintiff's refusal to produce discovery has also impaired Defendants' ability to adequately defend against Plaintiff's claims. Accordingly, the prejudice to Defendants is significant and warrants dismissal of the *Bivens* claims.

### D. The Public Policy Favoring Disposition of Cases on Their Merits

"Public policy favors disposition of cases on the merits." *Pagtalunan*, 291 F.3d at 643. The Court previously found that "resolution appears unlikely, as Plaintiff's failure to meaningfully engage in discovery and his refusal to provide information that is necessary to participate in productive settlement discussions shows his intent not to progress toward a merits-based outcome." Dismissal Order at 20. Nothing in the record compels the Court to change its conclusion. This factor therefore favors dismissal of the *Bivens* claims.

### E. The Availability of Less Drastic Sanctions

The Court repeatedly admonished Plaintiff about his discovery obligations, issued several warnings about the consequences of continued noncompliance, and imposed sanctions. Despite these efforts, Plaintiff has continued to repudiate attempts to secure his compliance. At this point, the Court finds dismissal is the only available sanction.

## CONCLUSION

For the foregoing reasons, the Court finds dismissal of Plaintiff's *Bivens* claims pursuant to Rule 37 is warranted. Accordingly, the Court **DISMISSES** these claims **WITH PREJUDICE**.

**IT IS SO ORDERED.**

Dated: January 23, 2018

_____
MARIA-ELENA JAMES
United States Magistrate Judge